| FORM B1 | United States Bankruptcy Court<br>Western District of New York | Voluntary Petition |
|---|---|---|

| | |
|---|---|
| Name of Debtor (if individual, enter: Last, First, Middle):<br>**SMITH, DEBRA L.** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**F/K/A DEBRA L. CYBULSKI** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (If more than one, state all):<br>**XXX-XX-3661** | Soc. Sec./Tax I.D. No. (If more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**96 BERNICE DR.**<br>**CHEEKTOWAGA, NY 14225** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: **ERIE** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| | |
|---|---|
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | *04-12671* |

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| [X] Individual(s)    [ ] Railroad<br>[ ] Corporation    [ ] Stockbroker<br>[ ] Partnership    [ ] Commodity Broker<br>[ ] Other _____ | | [X] Chapter 7    [ ] Chapter 11    [ ] Chapter 13<br>[ ] Chapter 9    [ ] Chapter 12<br>[ ] Sec. 304 - Case ancillary to foreign proceeding |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| [X] Consumer/Non-Business    [ ] Business | [X] Full Filing Fee attached<br>[ ] Filing Fee to be paid in installments (Applicable to individuals only) |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>[ ] Debtor is a small business as defined in 11 U.S.C. § 101<br>[ ] Debtor is and elects to be considered a small business under<br>   11 U.S.C. § 1121(e)(optional) | Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |

Statistical/Administrative Information (Estimates only)
[ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
[X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15<br>[ ] | 16-49<br>[X] | 50-99<br>[ ] | 100-199<br>[ ] | 200-999<br>[ ] | 1000-over<br>[ ] |
|---|---|---|---|---|---|---|

| Estimated Assets | $0 to<br>$50,000<br>[X] | $50,001 to<br>$100,000<br>[ ] | $100,001 to<br>$500,000<br>[ ] | $500,001 to<br>$1 million<br>[ ] | $1,000,001 to<br>$10 million<br>[ ] | $10,000,001 to<br>$50 million<br>[ ] | $50,000,001 to<br>$100 million<br>[ ] | More than<br>$100 million<br>[ ] |
|---|---|---|---|---|---|---|---|---|

| Estimated Debts | $0 to<br>$50,000<br>[X] | $50,001 to<br>$100,000<br>[ ] | $100,001 to<br>$500,000<br>[ ] | $500,001 to<br>$1 million<br>[ ] | $1,000,001 to<br>$10 million<br>[ ] | $10,000,001 to<br>$50 million<br>[ ] | $50,000,001 to<br>$100 million<br>[ ] | More than<br>$100 million<br>[ ] |
|---|---|---|---|---|---|---|---|---|

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**DEBRA L. SMITH** | FORM B1, Page 2 |
|---|---|---|

| Prior Bankruptcy Case Filed Within Last 6 Years (if more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:<br>**NONE** | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (if more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7,11,12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specific in this petition.

X _Debra L. Sf_
DEBRA L. SMITH

X **Not Applicable**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

X_ 4-8-04 _
Date

### Signature of Debtor (Corporate/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

**Not Applicable**
Print or Type Name of Authorized Individual

**Not Applicable**
Title of Authorized Individual

Date

### Signature of Attorney

X _DAVID F. BUTTERINI, ESQ_
**DAVID F. BUTTERINI, ESQ**
Printed Name of Attorney for Debtor(s)
**DAVID F. BUTTERINI, ESQ.**
Firm Name
**2746 DELAWARE AVE.**
Address
**KENMORE, N.Y. 14217**

**(716)877-4490**
Telephone Number
_4-8-04_
Date

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) or the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
[ ] Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under such chapter.
X _DAVID F. BUTTERINI, ESQ_ _4-8-04_
DAVID F. BUTTERINI, ESQ          Date

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Preparer

Social Security Number

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

**Not Applicable**

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

# EXHIBIT "C"
## of Voluntary Petition

Does the Petitioner own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

__X__ No.

_____ Yes, and attached and made part of this petition is a list and description of said property.

Date: _4-8-04_

**Signature of Petitioner** _Debra L. St_

**Signature of Joint Petitioner (if any)**_____

Date: _____

In re:  DEBRA L. SMITH
      XXX-XX-3661

Case No._____

Chapter 7

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 2 | $ 8,330.00 | | |
| C - Property Claimed As Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 8,600.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $ 22,242.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 1,323.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 1,905.00 |
| Total Number of sheets in ALL Schedules >> | | 12 | | | |
| Total Assets >> | | | $ 8,330.00 | | |
| Total Liabilities >> | | | | $ 30,842.00 | |

In re: DEBRA L. SMITH
XXX-XX-3661

Case No. _____

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | 0.00 | 0.00 |
| | | TOTAL | 0.00 | |

Case 1-04-12671-MJK,  Doc 1,  Filed 04/13/04,  Entered 04/13/04 14:48:53,
Description: Main Document , Page 5 of 27

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | POCKET MONEY | | 20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | M & T BANK CHECKING | | 10.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | NONE | | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | FURNITURE | | 300.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | NONE | | 0.00 |
| 6. Wearing apparel. | CLOTHING | | 250.00 |
| 7. Furs and jewelry. | NONE | | 0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | NONE | | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | NONE | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | NONE | | 0.00 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | NONE | | 0.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | NONE | | 0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | NONE | | 0.00 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | NONE | | 0.00 |
| 15. Accounts Receivable. | NONE | | 0.00 |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. Give particulars. | NONE | | 0.00 |
| 17. Other liquidated debts owing debtor including tax refunds. Give details. | NONE | | 0.00 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in the Schedule of Real Property. | NONE | | 0.00 |
| 19. Contingent and non-contingent interest in estate of a decedent, death benefit plan, life insurance policy, or trust. | NONE | | 0.00 |

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 20. Other contingent and unliquidated claims of any nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | NONE | | 0.00 |
| 21. Patents, copyrights, and other intellectual property. Give estimated value of each. | NONE | | 0.00 |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | NONE | | 0.00 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | 2001 CHEVY TRACKER | | 7,750.00 |
| 24. Boats, motors, and accessories. | NONE | | 0.00 |
| 25. Aircraft and accessories. | NONE | | 0.00 |
| 26. Office equipment, furnishings, and supplies. | NONE | | 0.00 |
| 27. Machinery, fixtures, equipment, and supplies. | NONE | | 0.00 |
| 28. Inventory. | NONE | | 0.00 |
| 29. Animals. | NONE | | 0.00 |
| 30. Crops - growing or harvested. Give particulars. | NONE | | 0.00 |
| 31. Farming equipment and implements. | NONE | | 0.00 |
| 32. Farm supplies, chemicals, and feed. | NONE | | 0.00 |
| 33. Other personal property of any kind not already listed. Itemize. | NONE | | 0.00 |

TOTAL » 8,330.00

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

[ ]  11 U.S.C. § 522(b)(1)    Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

[X]  11 U.S.C. § 522(b)(2)    Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| 2001 CHEVY TRACKER | Debtor & Creditor Law § 282 | 2,400.00 | 7,750.00 |
| CLOTHING | CPLR § 5205(a)(5) | 250.00 | 250.00 |
| FURNITURE | CPLR § 5205(a)(5) | 300.00 | 300.00 |
| M & T BANK CHECKING | Debtor & Creditor Law § 283 | 10.00 | 10.00 |
| POCKET MONEY | Debtor & Creditor Law § 283 | 20.00 | 20.00 |

In re: DEBRA L. SMITH
XXX-XX-3661

Case No. _____

# Schedule D - Creditors Holding Secured Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | CLAIM DATE, NATURE OF LIEN, DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|
| ACCT. NO.<br><br>JOHN POCHYLSKI<br>3266 LOVE RD.<br>GRAND ISLAND, N.Y. 14072 | NO | | 2003<br>**Security Agreement**<br><br>LIEN HOLDER:<br>2001 CHEVROLET TRACKER<br><br>VALUE $ 7,750.00 | | 8,600.00 | 850.00 |
| | | | Subtotal<br>(Total of this page) | | 8,600.00 | |
| | | | TOTAL | | 8,600.00 | |

Schedule D - Page 1 of 1

Case 1-04-12671-MJK, Doc 1, Filed 04/13/04, Entered 04/13/04 14:48:53,
Description: Main Document , Page 9 of 27

# Schedule E - Creditors Holding Unsecured Priority Claims

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

# Types of Priority Claims

[ ]   Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

[ ]   Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4000* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

[ ]   Contributions to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]   Certain farmers and fishermen

Claims of certain farmers and fishermen, up to $4000* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

[ ]   Deposits by individuals

Claims of individuals up to $1800* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

[ ]   Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

[ ]   Taxes and Other Certain Debts Owed to Governmental Units

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ]   Commitments to Maintain the Capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

[ ]   Other Priority Debts

In re: DEBRA L. SMITH  
XXX-XX-3661

Case No. _____

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO.<br>CHASE MANHATTAN BANK<br>P.O. BOX 77279<br>HOUSTON, TX 77279 | NO | | 1996<br>CREDIT CARD | | 2,595.00 |
| ACCT. NO.<br>CHASE MANHATTAN BANK, NA<br>P.O. BOX 15129<br>WILMINGTON, DE 19850 | NO | | 1996<br>CREDIT CARD | | 2,513.00 |
| ACCT. NO.<br>CITIFINANCIAL<br>P.O. BOX 17099<br>BALTIMORE, MD 21203 | NO | | 2002<br>CREDIT CARD | | 3,273.00 |
| ACCT. NO.<br>GM CARD<br>P.O. BOX 88000<br>BALTIMORE, MD 21288 | NO | | 2000<br>CREDIT CARD | | 2,325.00 |
| ACCT. NO.<br>HOUSEHOLD FINANCE<br>ATTN: COLLECTIONS DEPT.<br>P.O. BOX 1878<br>CAROL STREAM, IL 60128 | NO | | FOR NOTICE | | 0.00 |
| ACCT. NO.<br>HSBC BANK<br>ATTN: BANKRUPTCY DEPT.<br>P.O. BOX 2103<br>BUFFALO, N.Y. 14240 | NO | | FOR NOTICE | | 0.00 |
| ACCT. NO.<br>HSBC BANK<br>SUITE 0627<br>BUFFALO, N.Y. 14270 | NO | | 2001<br>PERSONAL LOAN | | 2,860.00 |
| ACCT. NO.<br>JC PENNEY CO.<br>P.O. BOX 65<br>DALLAS, TX 75221 | NO | | 1995<br>CREDIT CARD | | 1,324.00 |
| ACCT. NO.<br>MONOGRAM CC BANK, GA<br>P.O. BOX 9001557<br>LOUISVILLE, KY 40290 | NO | | FOR NOTICE | | 0.00 |

Subtotal  
(Total of this page)    14,890.00

Case 1:04-12671-MJK,  Doc 1,  Filed 04/13/04,  Entered 04/13/04 14:48:53,  Description: Main Document , Page 11 of 27

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO.<br><br>PROVIDIAN<br>SERVICE CENTER<br>P.O. BOX 240206<br>LOUISVILLE, KY 40224 | | NO | FOR NOTICE | | 0.00 |
| ACCT. NO.<br><br>PROVIDIAN<br>P.O. BOX 9539<br>MANCHESTER, NH 03108 | | NO | 2000<br>CREDIT CARD | | 4,723.00 |
| ACCT. NO.<br><br>SAMS CLUB<br>P.O. BOX 105980<br>DEPT. 77<br>ATLANTA, GA 30353 | | NO | 2001<br>CREDIT CARD | | 725.00 |
| ACCT. NO.<br><br>TARGET<br>P.O. BOX 59231<br>MINNEAPOLIS, MINN. 55459 | | NO | 1997<br>CREDIT CARD | | 1,904.00 |
| ACCT. NO.<br><br>TEMPEST RECOVERY SERVICES<br>P.O. BOX 3777<br>ST. JOSEPH, MO 64503-3777 | | NO | AS COLLECTOR FOR EAB | | 0.00 |
| | | | | Subtotal (Total of this page) | 7,352.00 |
| | | | | TOTAL | 22,242.00 |

In re: DEBRA L. SMITH                                    Case No. _____
        XXX-XX-3661

# Schedule G - Executory Contracts and Unexpired Leases

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| **NONE** | |

In re: DEBRA L. SMITH                              Case No. _____
XXX-XX-3661

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| NONE | |

Case 1-04-12671-MJK,  Doc 1,  Filed 04/13/04,  Entered 04/13/04 14:48:53,
Description: Main Document , Page 14 of 27

In re: DEBRA L. SMITH  
XXX-XX-3661

Case No. _____

# Schedule I - Current Income Of Individual Debtor(s)

| Debtor's Marital Status: **SEPARATED** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Age: **FULL** Spouse's Age: | NAMES<br>**ALEXANDRIA R. SMITH** | AGE<br>**13** | RELATIONSHIP<br>**DAUGHTER** |
| EMPLOYMENT: | DEBTOR | SPOUSE | |
| Occupation | **OCCUPATIONAL THERAPY ASSISTANT** | | |
| How long employed | **8 YR.** | | |
| Name and Address of Employer | **WEINBERG CAMPUS GETZVILLE, NY** | | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ 1,793.00 | $ |
| Estimated monthly overtime | $ 0.00 | $ |
| SUBTOTAL | $ 1,793.00 | $ |
| LESS PAYROLL DEDUCTIONS | | |
|    a.) Payroll taxes and social security | $ 352.00 | $ |
|    b.) Insurance | $ 118.00 | $ |
|    c.) Union dues | $ 0.00 | $ |
|    d.) Other | | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 470.00 | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 1,323.00 | $ |
| Regular income from operation of business, profession or farm (attach detailed statement) | $ 0.00 | $ |
| Income from real property | $ 0.00 | $ |
| Interest and dividends | $ 0.00 | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ |
| Social security or other government assistance (Specify) | $ 0.00 | $ |
| Pension or retirement income | $ 0.00 | $ |
| Other monthly income (Specify) | $ 0.00 | $ |
| TOTAL MONTHLY INCOME | $ 1,323.00 | $ |

TOTAL COMBINED MONTHLY INCOME    $     1,323.00

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

    **NONE**

# Schedule J - Current Expenditures Of Individual Debtor(s)

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate
    household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 280.00 |

       Are real estate taxes included?     [ ] Yes   [X] No

       Is property insurance included?   [ ] Yes   [X] No

| | | | |
|---|---|---|---|
| Utilities: | Electricity and heating fuel | $ | 200.00 |
| | Water and sewer | $ | 0.00 |
| | Telephone | $ | 45.00 |
| | Other: | $ | 0.00 |
| Home Maintenance (Repairs and upkeep) | | $ | 30.00 |
| Food | | $ | 450.00 |
| Clothing | | $ | 60.00 |
| Laundry and dry cleaning | | $ | 20.00 |
| Medical and dental expenses | | $ | 60.00 |
| Transportation (not including car payments) | | $ | 160.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 50.00 |
| Charitable contributions | | $ | 10.00 |
| Insurance (not deducted from wages or included in home mortgage payments): | | | |
| | Homeowner's or renter's | $ | 25.00 |
| | Life | $ | 0.00 |
| | Health | $ | 0.00 |
| | Auto | $ | 155.00 |
| | Other: | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) (Specify) | | $ | 0.00 |
| Installment payments (In chapter 12 & 13 cases, do not list payments to be included in the plan) | | | |
| | Auto | $ | 300.00 |
| | Other: | $ | 0.00 |
| Alimony, maintenance, and support paid to others | | $ | 0.00 |
| Payments for support of additional dependents not living at your home | | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach stmt) | | $ | 0.00 |
| Other: | **HOUSEHOLD EXPENSES** | $ | 60.00 |

| | | |
|---|---|---|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 1,905.00 |

(FOR CHAPTER 12 and 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly,
monthly, annually, or at some other regular interval.
A.  Total projected monthly income
B.  Total projected monthly expenses
C.  Excess income (A minus B)
D.  Total amount to be paid into plan

# Declaration Concerning Debtor's Schedules

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   12 sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____4-8-04_____          Signature _____
                                              DEBRA L. SMITH

-------------------------------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

## (NOT APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C § 152 and 3571.

In re: DEBRA L. SMITH
XXX-XX-3661

Case No. _____
Chapter 7

# STATEMENT OF FINANCIAL AFFAIRS

## 1. Income from employment or operation of business

None
[ ]

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 21,015.00 | INCOME | 2002 |
| 15,960.00 | INCOME | 2003 |

## 2. Income other than from employment or operation of business

None
[X]

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 3. Payments to creditors

None
[X]

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None
[X]

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
[X]

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None
[X]

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None
[X]

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None
[X]    List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None
[X]    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None
[ ]    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**SEE STATEMENT OF ATTORNEY COMPENSATION**

## 10. Other transfers

None
[X]    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 11. Closed financial accounts

None
[X]    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 12. Safe deposit boxes

None
[X]    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13. Setoffs

None
[X]    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 14. Property held for another person

None
[X]    List all property owned by another person that the debtor holds or controls.

## 15. Prior address of debtor

None
[X]    If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

Case 1-04-12671-MJK, Doc 1, Filed 04/13/04, Entered 04/13/04 14:48:53, Description: Main Document , Page 19 of 27

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  4-8-04

Signature  _Debra L Smith_
DEBRA L. SMITH

### 16. Spouses and Former Spouses

 None    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

### 17. Environmental Information.

 None    For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous wasted, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

 None    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the environmental Law:

---

 None    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

 None    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the government unit that is or was a party to the proceeding, and the docket number.

---

Statement of Financial Affairs-4

**18. Nature, location and name of business**

None X

a. If the debtor is **an individual**, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

If the debtor is **a partnership**, list the manes, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all business in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is **a corporation**, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

Date_____4-8-04_____

Signature
Of Petitioner_____

Date_____

Signature
of Joint
Petitioner _____

Statement of Financial Affairs - 5

Case 1-04-12671-MJK, Doc 1, Filed 04/13/04, Entered 04/13/04 14:48:53, Description: Main Document , Page 22 of 27

# UNITED STATES BANKRUPTCY COURT

## Western District of New York

In re: DEBRA L. SMITH
XXX-XX-3661

Case No. _____

Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with repect to the property of the estate which secures those consumer debts:

A. Property To Be Surrendered.

| Description of Property | Creditor's name |
|---|---|
| 1.  NONE | |

B. Property To Be Retained.  [Check any applicable statement.]

| Description of property | Creditor's name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|
| 1. LIEN HOLDER: 2001 CHEVROLET TRACKER | JOHN POCHYLSKI | | | X |

Date: _____4-8-04_____

_____
DEBRA L. SMITH, Debtor

In re: DEBRA L. SMITH
XXX-XX-3661

Case No.
Chapter 7

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above mentioned debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept      $_____ 675.00

    Prior to filing this statement, I have received      $_____ 675.00

    Balance Due      $_____ 0.00

2.  The source of compensation paid to me is:

    [X] Debtor            [ ] Other(specify)

3.  The source of compensation to be paid to me is:

    [X] Debtor            [ ] Other(specify)

4.  [ ]    I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    [X]    I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a)  Analysis of the debtor's financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11, United States Code;

    b)  Preparation and filing of any petition, schedule, statement of affairs, and other documents required by the court;

    c)  Representation of the debtor(s) at the meeting of creditors, confirmation hearing and any adjourned hearings thereof;

    d)  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e)  (Other provisions as needed)

        **NONE**

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:

    **NONE**

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or agreement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: _____4/8/04_____

DAVID R. BUTTERINI, ESQ., Bar No: 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
DAVID F. BUTTERINI, ESQ.
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

Western District of New York

In re: DEBRA L. SMITH
XXX-XX-3661

Case No. _____
Chapter 7

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of 2 sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated: _4-8-04_

Signed: _____
DAVID F. BUTTERINI, ESQ
Bar no. 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

Signed: _____
DEBRA L. SMITH

CHASE MANHATTAN BANK
P.O. BOX 77279
HOUSTON, TX 77279


CHASE MANHATTAN BANK, NA
P.O. BOX 15129
WILMINGTON, DE 19850


CITIFINANCIAL
P.O. BOX 17099
BALTIMORE, MD 21203


GM CARD
P.O. BOX 88000
BALTIMORE, MD 21288


HOUSEHOLD FINANCE
ATTN: COLLECTIONS DEPT.
P.O. BOX 1878
CAROL STREAM, IL 60128


HSBC BANK
ATTN: BANKRUPTCY DEPT.
P.O. BOX 2103
BUFFALO, N.Y. 14240


HSBC BANK
SUITE 0627
BUFFALO, N.Y. 14270


JC PENNEY CO.
P.O. BOX 65
DALLAS, TX 75221


JOHN POCHYLSKI
3266 LOVE RD.
GRAND ISLAND, N.Y. 14072


MONOGRAM CC BANK, GA
P.O. BOX 9001557
LOUISVILLE, KY 40290

PROVIDIAN
SERVICE CENTER
P.O. BOX 240206
LOUISVILLE, KY 40224


PROVIDIAN
P.O. BOX 9539
MANCHESTER, NH 03108


SAMS CLUB
P.O. BOX 105980
DEPT. 77
ATLANTA, GA 30353


TARGET
P.O. BOX 59231
MINNEAPOLIS, MINN. 55459


TEMPEST RECOVERY SERVICES
P.O. BOX 3777
ST. JOSEPH, MO  64503-3777